United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                            Case No. 19-20498

v.

                            Hon. Paul D. Borman

Adam Taylor Wright,
  also known as "Creeper,"

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Adam Taylor Wright, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Second Superseding Information. Count 1 charges the defendant with Second Degree Murder under 18 U.S.C. §§ 1111(a), 2.

**2.      Statutory Maximum Penalties**

The defendant understands that the count to which he is pleading

guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | any term of years or for life |
|---------|----------------------|-------------------------------|
|         | Fine:                | not more than $250,000        |
|         | Term of supervised release: | not more than 5 years   |

**3.      Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence

consistent with its terms, the United States Attorney's Office for the

Eastern District of Michigan will move to dismiss any remaining

charges in the indictment against the defendant in this case.

Specifically, the United States Attorney's Office will move to dismiss

the following counts of the First Superseding Indictment:

- Count 1: First Degree Premeditated Murder, Aiding and Abetting (18 U.S.C. §§ 1111, 2 – mandatory life imprisonment)
- Count 2: Conspiracy to Commit First Degree Premeditated Murder (18 U.S.C. § 1117)
- Count 3: Assault with Intent to Commit Murder, Aiding and Abetting (18 U.S.C. §§ 113(a)(1), 2)
- Count 4: Assault Resulting in Serious Bodily Injury, Aiding and Abetting (18 U.S.C. 113(a)(6), 2)

- Count 5: Assault Resulting in Serious Bodily Injury, Aiding and Abetting (18 U.S.C. 113(a)(6), 2)
- Count 6: Assaulting, Resisting, or Impeding a Federal Employee (18 U.S.C. 111(a)(1))
- Count 7: Impeding a Federal Officer (18 U.S.C. 111(a)(1))

## 4.    Elements of Count of Conviction

The elements of Count 1 are: (1) The defendant unlawfully killed a person; (2) The defendant killed with malice aforethought; and (3) The killing took place within the special maritime and territorial jurisdiction of the United States.

## 5.    Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about January 2, 2019, defendant Adam Taylor Wright was an inmate at the federal detention center at Milan Correctional Institution ("FCI Milan") located in Milan, Michigan, and operated by the Federal Bureau of Prisons. Wright, along with inmates Alex Albert Castro, also known as "Sniper" and Jason Dale Kechego, also known as "J," unlawfully killed inmate Christian Maire in the East Unit of the detention center at FCI Milan. Specifically, Wright repeatedly kicked

and stomped Maire in the head. Wright also prevented Maire from fleeing while Castro repeatedly stabbed Maire with a shank and stomped and kicked him in the head, and Kechego kicked and stomped Maire in the head. Wright, along with Castro and Kechego, then worked together to throw Maire's body down a flight of metal stairs, all deliberately and intentionally causing Maire's death.

Wright also agrees that FCI Milan was a facility within the special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7(3).

## 6.    Advice of Rights

The defendant has read the Second Superseding Information and has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 7.     Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Page **5** of **16**

The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- § 2A1.2: base offense level for second degree murder

- § 5G1.3(d): policy statement that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

## D.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations in paragraphs 8.B  or 8.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation, including arguments regarding whether the defendant's sentence in this case should be imposed to run concurrently, partially concurrently, or consecutively to the sentences of imprisonment he is currently serving in 18-20648 (E.D. Michigan), 11-10058 (C.D. Illinois), and 12-10019 (C.D. Illinois).

## F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations in paragraphs 8.B or 8.C. The government likewise has no right to

withdraw from this agreement if it disagrees with the guideline range
determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the
Court must calculate the applicable guideline range at sentencing and
must consider that range, any possible departures under the sentencing
guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and
apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the
government recommends that the defendant's sentence of imprisonment
in this case not exceed 328 months.

The parties reserve the right to argue for the sentence in this case
to be imposed concurrently, partially concurrently, or consecutively to
the sentences of imprisonment in 18-20648 (E.D. Michigan), 11-10058
(C.D. Illinois), and 12-10019 (C.D. Illinois). The parties agree, however,
that the Court is not bound by either party's recommendation and

retains the discretion to impose the sentence concurrently, partially concurrently, or consecutively to the sentences of imprisonment in 18-20648 (E.D. Michigan), 11-10058 (C.D. Illinois), and 12-10019 (C.D. Illinois).

###    2.    No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. Nor will either party have the right to withdraw from this agreement if the Court decides to impose the sentence concurrently, partially concurrently, or consecutively to the sentences of imprisonment in 18-20648 (E.D. Michigan), 11-10058 (C.D. Illinois), and 12-10019 (C.D. Illinois). If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 5-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

10. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guidelines as determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

11. **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

14. **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

15. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on February 9, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Saima S. Mohsin
Acting United States Attorney

_____
Craig Wininger
Chief, Violent & Organized
Crime Unit
Assistant United States Attorney

_____
Frances Lee Carlson
Assistant United States Attorney

_____
Andrew R. Picek
Assistant United States Attorney

Dated: 2/4/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands

Page **15** of **16**

this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____
James C. Thomas
Attorney for Defendant

Dated: 2/10/22

_____
Adam Taylor Wright
Defendant